UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURENCE B.,[1]

                                    Plaintiff,         Case # 24-CV-108-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

Plaintiff Laurence B. brings this action pursuant to the Social Security Act, seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 9. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In May 2021, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 72. He alleged disability since April 2020. *Id.* In February 2023, Administrative Law Judge Brian LeCours ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 17-26. In December 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5, 6.

1

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

II. **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease, various cervical spine disc pathology/bulges, and obesity. *Id.* At step

three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 22.

Next, the ALJ determined that Plaintiff retains the RFC to perform a reduced range of light work. *Id.* At step four, the ALJ found that Plaintiff is capable of performing past relevant work. Tr. 25. Accordingly, the ALJ concluded that Plaintiff was not disabled through the date of decision. Tr. 26.

## II. Analysis

Plaintiff has suffered from PTSD, depression, and anxiety as a result of, among other things, a traumatic incident that occurred while he was in the Air Force. *See, e.g.*, Tr. 567. After reviewing the record, the ALJ concluded that Plaintiff's mental impairments were nonsevere, since the "documented medical evidence [] show[ed] that treatment and medications have been effective in subsiding symptoms and preserving functioning." Tr. 20. The ALJ included no limitations related to Plaintiff's mental impairments in the RFC. *See* Tr. 22.

On four grounds, Plaintiff argues that the ALJ erroneously evaluated his mental impairments. *See generally* ECF No. 7-1. Having reviewed the record, the Court concludes that none of Plaintiff's arguments merits remand.

First, Plaintiff contends that the ALJ ignored relevant evidence concerning his mental health. *See* ECF No. 7-1 at 15-16. Plaintiff's allegation is not borne out by the record, however. To the contrary, the ALJ noted all of the evidence that Plaintiff claims he ignored: the VA disability rating, Tr. 25; Dr. Lee's and Dr. Santarpia's consultative-examination notes, Tr. 20-21, 24; the VA mental-health treatment notes, Tr. 20-21; and Plaintiff's reports of social difficulties, Tr. 22. To the extent Plaintiff is simply arguing that the ALJ should have given more weight to this evidence, or should have discussed it in more detail, neither argument warrants remand. *See Heather P. v.*

4

*Comm'r of Soc. Sec.*, No. 23-CV-6380, 2024 WL 4347338, at *4-5 (W.D.N.Y. Sept. 30, 2024) (noting that an ALJ's decision "need not be explicit in every detail or exhaustive in its discussion of the evidence," and observing that "[t]he mere fact that Plaintiff can identify [] evidence to support a [more favorable RFC] does not entitle [him] to relief").

Second, Plaintiff argues that the ALJ mischaracterized a treatment record. ECF No. 7-1 at 16-17. Plaintiff is correct. Citing a December 2022 treatment note, the ALJ wrote that Plaintiff had not sought mental-health treatment between October 2021 and December 2022. *See* Tr. 21, 23. The treatment note in question actually conveys that the particular *provider* had not seen Plaintiff since October 2021, Tr. 679-80; it is evident that Plaintiff obtained mental-health treatment during that period. *See, e.g.*, Tr. 695, 703, 712-13, 725, 799.

Even so, remand is not warranted under these circumstances. The Second Circuit has cautioned that district courts should not remand for every misstatement, no matter how minor. "No principle of administrative law or common sense requires a court to remand a case in quest of a perfect ALJ opinion." *Smith v. Berryhill*, 740 F. App'x 721, 725 (2d Cir. 2018) (summary order) (internal brackets omitted). Generally, a district court should consider the degree to which the mischaracterization tainted the rest of the ALJ's rationale. Minor errors may be harmless if, "putting aside the [misconstrued] evidence," the ALJ's rationale remains supported by "substantial evidence." *Peets v. Kijakazi*, No. 21-3150, 2022 WL 17725391, at *2 (2d Cir. Dec. 16, 2022) (summary order) (where ALJ overstated the extent to which the claimant played basketball and went bowling, concluding that remand was not warranted since the ALJ also "pointed to a significant amount of [other] evidence" to find the claimant's testimony less credible). By contrast, errors that more substantively impacted the manner in which the ALJ evaluated the record or assessed the medical opinions may justify remand. *See, e.g.*, *Rubin v. O'Malley*, 116 F.4th 145,

5

157 (2d Cir. 2024) (remand warranted where ALJ misconstrued treating physician's "role in [the claimant's] care and the evidence that was available to him" to support "the opinion he expressed," which tainted ALJ's assessment of the opinion and the record as a whole).

Here, the mischaracterization is minor. Notwithstanding that the ALJ incorrectly stated there was a "gap in treatment from October 2021 to December 2022," Tr. 23, it is clear that the ALJ did, in fact, review and consider the treatment notes from that period. *See* Tr. 21 (citing mental-health treatment notes from December 2021, June 2022, and September 2022). As with the other notes that the ALJ cited, those treatment notes reveal generally mild mental status examinations, *see* Tr. 680 (December 2022); Tr. 687 (December 2022); Tr. 696 (October 2022); Tr. 704 (September 2022); Tr. 717 (July 2022); Tr. 726 (June 2022); Tr. 800 (March 2022); Tr. 554-55 (December 2021). By December 2022, Plaintiff was primarily receiving medication management, and he was "happy with [the] current doses." Tr. 680. As the ALJ noted—and Plaintiff does not dispute in his papers—Plaintiff engaged in a variety of activities and managed his personal needs competently. *See* Tr. 21. Under these circumstances, the Court concludes that remand is not justified. *Accord Smith*, 740 F. App'x at 725 (declining to remand despite ALJ's mischaracterization of a gap in treatment, where treatment notes and medical record provided an otherwise sufficient basis for decision to give little weight to medical opinion).

Third, Plaintiff argues that the ALJ failed to expressly document his consideration of the "Paragraph B" criteria.[3] *See* ECF No. 7-1 at 18-20. This assertion is incorrect. Although the ALJ did not discuss these criteria at step three, *see* Tr. 22, he did do so at step two, finding that Plaintiff "is no more than mildly limited" in each of the four areas, Tr. 20, 21. In that section, the ALJ

---

[3] "'Paragraph B' criteria are the four functional areas of (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself." *Monica L. v. Comm'r of Soc. Sec.*, No. 19-CV-1435, 2021 WL 630909, at *3 n.3 (W.D.N.Y. Feb. 18, 2021). Per SSA regulation, an ALJ is required to "document application of the technique in the decision." 20 C.F.R. § 404.1520a(e).

discusses in detail the evidence on which he relied to find mild limitations in the four areas. *See* Tr. 20-21. Thus, assuming *arguendo* that the ALJ's analysis did not perfectly conform to the dictates of Section 1520a(e), the Court is nonetheless able to "glean the rationale of an ALJ's decision," *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983), and remand is not merited on that basis alone, *cf. Kohler v. Astrue*, 546 F.3d 260, 269 (2d Cir. 2008) (noting that a failure to abide by Section 1520a(e) may be harmless where the court can "identify [the] findings regarding the degree of [the claimant's] limitations in each of the four functional areas" and "discern whether the ALJ properly considered all evidence relevant to those areas").

Fourth and finally, Plaintiff asserts that the ALJ erroneously failed to incorporate any social limitations into the RFC. *See* ECF No. 7-1 at 20-22. To be sure, there is evidence that, due to his mental impairments, Plaintiff has difficulties interacting with men in certain circumstances, *see* Tr. 50, 503, 508-09, and with others in work settings, *see, e.g.*, Tr. 449, 567. For example, in his prior employment in a customer-service role, Plaintiff reported that he would get easily angry with customers and co-workers, which led him to "blow up" at people and throw chairs, leading to his confinement in an individual workspace. Tr. 398, 402.

As stated above, however, "[t]he mere fact that Plaintiff can identify [favorable] evidence to support [greater restrictions] does not entitle [him] to relief." *Bobbi Jo S. v. Comm'r of Soc. Sec.*, No. 23-CV-6450, 2024 WL 4289598, at *3 (W.D.N.Y. Sept. 25, 2024). The ALJ acknowledged Plaintiff's reports of anxiety, anger, and social limitations, *see* Tr. 22, but concluded that such reports were not credible in light of the examination findings, his appearance and conduct at mental-health appointments, his routine treatment and daily activities, and the medical opinions of consultative examiner Susan Santarpia, Ph.D., and state-agency consultants P. Roy-Petrick, Ph.D, and J. May, Ph.D. *See* Tr. 20-21. At best, Plaintiff's argument is that the ALJ should have

7

weighed Plaintiff's subjective reports more heavily. That argument cannot support remand. Where, as here, the ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

In sum, remand is not justified on any of the grounds raised by Plaintiff.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 15, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York